UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEANGELO THOMAS,<br><br>    Defendant. | Case No. 25-20285<br>Honorable Laurie J. Michelson |

**ORDER DENYING MOTION TO DISMISS COUNT ONE OF THE INDICTMENT PURSUANT TO THE SECOND AMENDMENT [21]**

Deangelo Thomas is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 17.) Thomas believes this statute is unconstitutional as to applied to him and seeks dismissal of the one-count indictment. (ECF No. 21.) Thomas, however, has a criminal history demonstrating dangerousness. And he was on parole at the time of the alleged firearm possession. So under Sixth Circuit precedent, the government can lawfully preclude Thomas from possessing a firearm without violating his Second Amendment rights. Thus, his motion to dismiss the indictment is DENIED.

**I.**

Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives executed a search warrant at Deangelo Thomas' residence on August 8, 2024. (ECF No. 1, PageID.3; ECF No. 29, PageID.99.) They seized a cellphone that contained images of firearms, including one possibly held by Thomas. (ECF No. 29, PageID.100–102.) The

phone also contained a video recorded on July 15, 2024, allegedly depicting Thomas possessing, and offering to sell, two stolen firearms. (ECF No. 1, PageID.3–4; ECF No. 29, PageID.102.) At the time, Thomas was on parole for multiple firearm offenses and assault with intent to commit murder.[1] Because Thomas has numerous prior felony convictions, he was indicted on one count of being a felon in possession of a firearm. (ECF No. 17.) Thomas believes this charge, as applied to him, is unconstitutional under "the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and the Sixth Circuit's decisions in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024) and *United States v. Goins*, 118 F.4th 794, 798, 801–03 (6th Cir. 2024)." (ECF No. 21, PageID.53 (citation modified).) But, as detailed in the government's opposition brief, these cases support Thomas' disarmament. No further argument is needed to decide this motion. *See* E.D. Mich. LCrR 12.1; E.D. Mich. LR 7.1(f)(2).

## II.

The analysis begins with *Bruen*. There, the Supreme Court held that to sustain a restriction on the Second Amendment right to bear arms, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17. After conducting an extensive review of this history, the Sixth Circuit concluded that § 922(g)(1) "is constitutional on its face and as applied to dangerous people" because our Nation's "history reveals that

---

[1] Around November 20, 2024, Thomas pleaded no contest to a parole violation that alleged that, between July 15 and August 7, 2024, he possessed a firearm. (ECF No. 29, PageID.103.)

legislatures may disarm groups of people, like felons, whom the legislature believes to be dangerous." *United States v. Erick Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024). The Court acknowledged that, when undertaking an as-applied challenge, a defendant must be afforded "an opportunity to make an individualized showing that he himself is not actually dangerous." *Id.* at 663. The Court also advised that someone who has committed "a crime against the body of another human being," like murder or assault, or "a crime that inherently poses a significant threat of danger," like burglary or drug trafficking, "will have a very difficult time, to say the least, of showing he is not dangerous." *Id.* (internal quotation marks omitted). Courts must partake in a "fact-specific dangerousness determination[] after taking account of the unique circumstances of the individual, including details of his specific conviction." *Id.* In making these determinations, this Court may consider "a defendant's entire criminal record—not just the specific felony underlying his § 922(g)(1) conviction." *Id.* at 659–60, 663.

Under this framework, § 922(g)(1) is constitutional as applied to Thomas. His criminal history sufficiently establishes his dangerousness. In his motion, Thomas "acknowledges his prior adult felony convictions from 2004" for assault with intent to murder, carrying a weapon with unlawful intent, possession of a firearm by a felon, weapons discharged in a building, weapons discharged in a motor vehicle, and possession of a firearm during the commission of a felony. (ECF No. 21, PageID.58–59; ECF No. 29, PageID.104.) Thomas explains that these offenses all occurred on May 19, 2003, and were consolidated for plea and sentencing. (ECF No. 21,

3

PageID.59.) "Ultimately, the State court sentenced . . . Thomas to 17–30 years plus 2 years on the felony firearm." (*Id.*) The government provided the factual detail as to what transpired in May 2003: Thomas believed an individual owed him money for a car, so he threatened that individual and the individual's father and fired numerous gun shots into their home. (ECF No. 29, PageID.103–104.)

Assault with intent to commit murder is exactly the type of prior felony conviction that *Williams* contemplates as rendering an individual too dangerous to possess a firearm under § 922(g)(1). *See Erick Williams*, 113 F.4th at 662 (attempted murder); *see also United States v. Parham*, 119 F.4th 488, 496 (6th Cir. 2024) (same); *United States v. Ketzbeau*, No. 23-20357, 2025 U.S. Dist. LEXIS 49197, at *7 (E.D. Mich. Mar. 18, 2025) (finding that defendant's "conviction for assault with intent to commit murder establishes dangerousness"). So too prior firearm convictions. *See Erick Williams*, 113 F.4th at 662 (finding that a prior conviction for felon-in-possession was sufficient to establish dangerousness). As another court in this District recently explained, "[i]nterestingly, the [*Williams*] court included Williams' prior conviction for felon-in-possession of a firearm as the kind of felony that demonstrates dangerousness. The Sixth Circuit thus sees felon-in-possession, which is not a crime against a person, as falling in the second category of crimes which, like drug trafficking or burglary, carries with it the possibility that violence or harm to others might occur during its commission." *United States v. Taylor*, No. 22-20315, 2025 U.S. Dist. LEXIS 6307, at *15 (E.D. Mich. Jan. 13, 2025) (emphasis omitted); *see also United States v. Morton*, 123 F.4th 492, 499 (6th Cir. 2024) (finding

4

dangerousness where, "[a]mong other offenses, [defendant] was previously convicted for wanton endangerment and possessing a firearm as a felon after he shot at his ex-girlfriend and her family, and then showed up at her house a few weeks later and verbally harassed her with a gun on his person"); *United States v. Clay*, No. 24-20358, 2025 U.S. Dist. LEXIS 1970, at *7 (E.D. Mich. Jan. 6, 2025) ("Defendant's felon in possession conviction alone is enough to render the Defendant dangerous.").

Thomas' assault and firearm offenses from May 2003 are enough on their own to establish dangerousness. But his criminal history is even more extensive. His 2004 Michigan Department of Corrections Presentence Investigation Reports detail a number of theft-related convictions, another gun conviction, and a drug conviction. (ECF Nos. 30-1, 30-2 (Sealed).)

Additionally, the dangerousness calculus is affected by the fact that, at the time Thomas allegedly possessed the firearm, he was on state parole for the assault with intent to commit murder and multiple firearm offenses. *See United States v. Goins*, 118 F.4th 794, 804–05 (6th Cir. 2024) (holding that § 922(g)(1) was constitutional as applied to a defendant who had violated the terms of his state probation).[2] Indeed, in his motion, "Thomas acknowledges that his status of being on parole at the time of the instant offense may provide an additional reason to disarm him under 18 U.S.C. [§] 922(g)(1)." (ECF No. 21, PageID.59.) This is especially true

---

[2] In *Goins*, the Sixth Circuit found that Congress can disarm defendants "who (1) are under a firearm possession limitation as a condition of probation, (2) are under a relatively short probation sentence for a dangerous crime, and (3) whose repeated and recent actions show a likelihood of future dangerous conduct." 118 F.4th at 798. All three criteria apply to Thomas. (ECF No. 29, PageID.109.)

given his criminal history. *See United States v. Raphael Jermaine Williams*, No. 24-1409, 2025 U.S. App. LEXIS 9260, at *13 (6th Cir. Apr. 17, 2025) ("Williams's 2022 felonies and the fact that he violated a probation condition prohibiting him from having a firearm when he was charged in this case are sufficient to find that he is dangerous under *Erick Williams* and *Goins*."); *United States v. Ronald Norvale Williams*, No. 24-1244, 2025 U.S. App. LEXIS 8690, at *5 (6th Cir. Apr. 11, 2025) (reasoning that the defendant's "parolee status—and the condition that he not possess a firearm—combined with his prior felony murder convictions support[ed]" finding that he was dangerous); *United States v. Taylor*, No. 23-5644, 2024 U.S. App. LEXIS 30240, at *5 (6th Cir. Nov. 25, 2024) (rejecting Second Amendment as-applied challenge to a § 922(g)(1) conviction because, "[l]ike the defendant in *Goins*, Taylor was also on probation when he possessed firearms in violation of § 922(g)(1)").

To his credit, Thomas does not shy away from his criminal history or argue it does not support a finding of dangerousness. Instead, he relies on mitigating factors: he was 25 years old when he committed his prior offenses, he has a wife and minor child, and he was employed full time since his release from prison. (ECF No. 21, PageID.59.) But these do not alter the Court's analysis. Clearly, Thomas' prior assault and firearm convictions were not juvenile offenses. And where a 21-year-old defendant made this same argument, the Sixth Circuit was "not convinced that [his] youth alone can overcome a determination that he is dangerous." *Raphael Jermaine Williams*, 2025 U.S. App. LEXIS 9260, at *10. Additionally, while Thomas is presumed innocent, the charges against him suggest his family and job

responsibilities did not prevent him from continuing to possess and even sell firearms. Hopefully, these more positive aspects of Thomas' life will impact his future behavior in a more positive way. But they do not warrant a finding that § 922(g)(1) is unconstitutional as applied to him. *See United States v. Jones*, No. 24-20427, 2025 U.S. Dist. LEXIS 3800, at *8 (E.D. Mich. Jan. 8, 2025) (finding that the defendant's "quality employment track-record in recent years as well as his familial relations" did not preclude court's finding of dangerousness based on defendant's "serious criminal record"); *United States v. Smith*, No. 23-83, 2024 U.S. Dist. LEXIS 184072, at *7 (E.D. Tenn. Oct. 9, 2024) (finding that the defendant was dangerous despite maintaining gainful employment and working to improve his life because the court could not "look past [his] multiple prior convictions for serious crimes").

In sum, "[b]ecause [Thomas] 'availed himself of his constitutionally required opportunity to show that he is not dangerous,' and '[b]ecause his record demonstrates that he is dangerous," the Court rejects his challenge to his § 922(g)(1) charge. *United States v. McNeal*, No. 24-5026, 2024 U.S. App. LEXIS 28316, at *3 (6th Cir. Nov. 6, 2024) (quoting *Erick Williams*, 113 F.4th at 663).

## III.

For these reasons, Thomas' motion to dismiss the indictment charging him with being a felon in possession of a firearm (ECF No. 21) is DENIED.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge